**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| FRANK WILSON, JR. and<br>KIMBERLY WILSON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 0:10-2773-CMC |
| vs. | )<br>) | |
| LVNV FUNDING, LLC, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | )<br>) | |

## COMPLAINT

NOW COME the Plaintiffs, FRANK WILSON, JR., and KIMBERLY WILSON by and through their attorney, JAMES M. ERVIN, and for their Complaint against the Defendant, LVNV FUNDING, LLC, Plaintiffs allege and state as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3.      Plaintiffs are individuals who were at all relevant times residing in Sharon, South Carolina.

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 1692a(3), as they are natural persons allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting two separate consumer debts allegedly owed by one or both Plaintiffs.

6. On information and belief, Defendant is a limited liability company of the State of Delaware, which licensed to do business in South Carolina and which has its principal place of business in Greenville, South Carolina.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about November of 2009, representatives and/or employees of Defendant began contacting Plaintiffs by telephone, often multiple times per day, in attempts to collect a debt allegedly owed by Plaintiffs to Defendant based upon an account which was originally owned by Household Bank (hereinafter the "Household account").

8. In furtherance of their attempts to collect the Household account, Defendant's representatives and/or employees placed telephone calls to friends, family members and/or co-workers of Plaintiffs and disclosed to those individuals that they were attempting to collect a debt owed by Plaintiffs.

9. During or about November of 2009, a representative and/or employee of Defendant placed a telephone call to Plaintiff Frank Wilson. The caller stated to Mr. Wilson that he or she was trying to reach Mr. Wilson because his father was in the hospital. After Mr. Wilson stated that it was he who had answered the telephone, the caller admitted that he or she was calling to collect the Household account on behalf of Defendant.

10. During or about November of 2009, a representative and/or employee of Defendant placed a telephone call to Plaintiffs and stated that he or she was an attorney for Defendant calling regarding collection of the Household account. On information and belief, said caller was not an attorney, as Defendant had not yet hired an attorney to collect the Household account.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Communicating with persons other than Plaintiffs and stating to such persons that Plaintiffs owe an alleged debt, in violation of 15 U.S.C. § 1692b(2)

   b. Communicating with individuals other than Plaintiffs in connection with the collection of the alleged debt without a proper purpose, in violation of 15 U.S.C. § 1692c(b)

   c. Falsely representing or implying that Defendant's employee was an attorney or was communicating on behalf of an attorney, in violation of 15 U.S.C. § 1692e(3);

   d. Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10);

   e. Using an unfair or unconscionable means to attempt to collect a debt, in violation of 15 U.S.C. § 1692f; and

   f. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

12. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered and continue to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiffs, FRANK WILSON, JR., and KIMBERLY WILSON, respectfully pray for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs; and

   c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the Fair Debt Collection Practices Act)

13. During or about November of 2008, Defendant began reporting a debt allegedly owed by Plaintiff Frank Wilson to the Equifax and TransUnion credit reporting bureaus, thereby causing the alleged debt to appear on Plaintiff Frank Wilson's credit reports. This alleged debt is based upon an account which was originally owned by GE Money Bank/Belk (hereinafter the "Belk account").

14. Defendant has continued to periodically update its reporting of the Belk account to the Equifax and TransUnion credit reporting bureaus, thereby causing the Belk account to remain on Plaintiff Frank Wilson's credit report.

15. However, the Belk account was previously settled in full by Plaintiff Frank Wilson during or about March of 2008, when the Belk account was being collected by Allied Interstate, Inc. and/or CAC Financial Corp.

16. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

      a.    Communicating credit information which was known or which should have been known to be false, in violation of 15 U.S.C. § 1692e(8);

      b.    Threatening to take action that could not legally be taken and/or that was not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

      c.    Using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt, in violation of 15 U.S.C. § 1692e(10); and

      d.    By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

17.    As a result of Defendant's violations as aforesaid, Plaintiff Frank Wilson has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, FRANK WILSON, JR., respectfully prays for a judgment against Defendant as follows:

      a.    Statutory damages of $1,000.00 for each violation of the FDCPA;

      b.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.    Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

                Respectfully Submitted,

                /s/ James M. Ervin
                James M. Ervin
                Attorney for Plaintiffs
                P.O. Box 6276
                Columbia, SC 29260-6276
                (888) 493-0770, ext. 308 (phone)
                (866) 551-7791 (facsimile)
                James@LuxenburgLevin.com